Savoring is also on behalf of the petitioner in this case, Maria Padernal-Nye, counsel for the government. This is a case where the court is called upon to decide whether or not a conviction for child abuse and neglect under Nevada revised statute NRS 200.50 is in fact an aggravated felony under 101A43 or a crime involving moral turpitude. Of course, the court has to begin its analysis by applying the Taylor categorical analysis and determining whether or not the elements, the statutory elements of NRS 200.508 meet the definition of crime of violence. And the crime of violence is defined as 18 U.S.C. section 16A or 16B. The only relevant portion of that definition is 16A. This is not a felony. So in order for this offense to meet the definition of an aggravated felony, it requires the actual use, the attempted use or threatened use of physical force as a necessary element of the crime. And I'm going to emphasize necessary. But, counsel, what about holding the knife to the neck of the child? Isn't that sufficient in this year of force? We don't begin by examining the facts of the case. We begin by examining the statutory elements of the offense and determining at the outset, at the very beginning, whether or not 18 U.S.C. section 16A, the elements of that are included within the definition of child abuse or neglected gross misdemeanor under NRS 200.508. The first thing I would point out, if you look at the statute carefully, NRS 200.508 nowhere requires the use of force or violence or the threat or attempted use of force of violence. Counsel, as I read both the BIA's decision and the IJ's decision, the they did not believe that this satisfied the categorical approach, and so they used the modified categorical approach. So if the agency didn't think it was categorical, you may want to focus on the question of whether it satisfies the modified categorical approach, which does entitle us to look at the documents. Right. Well, I will focus upon that, but I just wanted to point out at the outset, we don't get to the modified categorical analysis unless we pass muster on the categorical analysis. And if you begin there, it's pretty obvious by reading the statute that child abuse or neglect can occur by omission. It can occur by putting the child in a position where the child may be harmed or injured, suffer abuse or neglect. It doesn't require force. This is not a robbery. It's not a coercion. It's not a home invasion. Nowhere is there an element of the offense that actually requires force. In fact, you can commit this offense by not feeding your child, by not taking the child to a doctor. Excuse me. Fair enough to counsel. Although, didn't your client admit that she engaged in this act by kicking and pulling on Timothy Nye Jr. and holding a knife to his throat? Aren't those the facts to which your client admitted? Your question is critical to deciding this case. And the fact of the matter is the government has the burden of proving that by clear and convincing evidence, if we jump to the modified categorical analysis, she never admitted that. In fact, if you look, here's the problem with the State's case. They never provided the plea transcript. In Nevada, as in most States, you sign a plea agreement, it's an anticipation of pleading guilty. And oftentimes, the prosecutor will throw into the information all kinds of facts. But the truth of what is admitted is stated in the plea. Although, isn't it the plea agreement itself, in the written document, which is excerpts of record at page 195, doesn't that indicate that I understand by pleading guilty I admit the facts which support all the elements of the offenses to which I now plead as set forth in Exhibit 1? And isn't Exhibit 1 attached? Yes. That's an agreement, to plead guilty. The distinctive difference here is that is not a guilty plea. Simpson v. District Court is a Nevada Supreme Court decision that requires for every plea to be entered, there must be a colloquy between the defendant and the court. And the court must satisfy itself that there is a factual basis for the plea. There must be a factual admission consistent with the elements of the offense. And really, to be honest with you, that's where most plea negotiations, if they fall apart, that's where they fall apart. Because the State will throw all kinds of facts into an information. But when it really comes down to accepting a plea, if the defendant doesn't admit those, there may be other things that they say they did other than what's charged in the amended information. But you don't have that here. This is why you can't find by clear and convincing evidence that she choked, that she ---- Why is it you don't look at the information? I don't understand that argument. You do look at the information. This is the agreement to plead guilty. Right. But that is not the guilty plea. And here's the thing. If you look at the transcript, Judge Gastly, in the removal hearing, asked Ms. Nye, look at the information. Didn't you admit during the ---- when you pled guilty to commit to holding a knife to the child's throat, to kicking him? She said, no, I did not admit to that. She said, I admitted to pulling his hair. That's all. Why did she sign this agreement which says, I understand that by pleading guilty, I admit the facts which support all the elements of the offenses set forth in Exhibit 1, and Exhibit 1, as I understand it, is the information. Right. And what I'm telling you is ---- And what she says, what it says is ---- This is an agreement in anticipation of actually pleading guilty. But the proof is in the pudding, and the pudding is in the plea. And there is no ---- Well, did she plead guilty or not? Excuse me. Did she plead guilty or not? She did plead guilty. But we don't know what she said when she pled guilty. That's what I'm pointing out to the Court. There's actually a plea, and there's actually a transcript of the plea. The government did not supply the Court with a transcript of that plea. And there is ambiguity about what she factually admitted when it came down to entering her guilty plea. You understand that this is basically the guilty plea agreement is a contract ---- the guilty plea agreement is a contract between the State and the defendant. It binds them to an agreement. And they provide an information which suggests how she's going to enter a plea and to what charge and what the facts are. But there is an actual plea. And Ms. Nye testified with Judge Gasly. She testified on November 8th, 1999. I did not make those admissions. But if she said to the trial court, the State court, that she pulled this child's hair, that would have been sufficient under a ---- based upon a gross misdemeanor to constitute child abuse or neglect. That's all that's required. And by the way, the only way it could be a gross misdemeanor is if statutorily the child did not suffer any physical harm or bodily harm. Statutorily precluded. And actually, if you look at the information that was filed as an exhibit to the guilty plea agreement, it's inconsistent with the statute. The information actually says that she caused physical harm or abuse. But actually, if that were true ---- Was this issue preserved at the BIA? It was. Did you offer the text of the hearing at which she actually entered the plea? No. That's the burden of the government. They have to prove removal by clear and convincing evidence. That's not my responsibility. It's the responsibility of the government, particularly if there's ambiguity in the plea. If you look at the November 8, 1999 transfer, pages 125, pages 132, you'll actually see Ms. Nye discussing with the ---- with Judge Gasly what she said at the plea hearing, where she actually entered her plea, and the only thing she admitted to was pulling the child's hair. That's an ambiguity and inconsistency between the plea agreement and the actual plea. When this Court remanded this case back on a basis of ineffective assistance of counsel so that she could explore whether or not these were CIMPs or aggravated felonies, one of the things that the Ninth Circuit pointed out at that time is you need a ---- you probably need a plea transcript in this case to sort out what the actual admissions were. So what's your position with respect to the guilty plea agreement? Is that null and void? Is it irrelevant or what? No, it is a part of the kind of conviction documents that the government can rely on. It is a part of. But this Court has said repeatedly a charging document standing alone is not sufficient to make out a removal charge. Although in this case, the charging document alone is not what the government is relying on. They're relying on both a signed plea agreement that was filed in open court in which her client admitted the facts that are set forth in the information. She doesn't make the admission until she enters her plea. This is not a plea entry document. This is a contract to enter the plea. But the actual plea takes place in a colloquy between the State and, excuse me, between the court and the defendant. And the government did not supply that. Any other questions? So I think, first of all, they have a problem with getting past the categorical analysis. They have a problem, the modified categorical analysis, because there is factual ambiguity. Ms. Nye testified clearly that the only thing they did was pull hair. It's – and they didn't supply the plea transfer. Thank you, counsel. Your time has expired. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court, John Blakely on behalf of the Respondent, Attorney General of the United States. Your Honors, this case was remanded by this Court several years ago. And it was remanded at that time because Ms. Pat Nye's conviction for holding a knife to the throat of a young child was not sufficient under the law of this court to establish that she was convicted of an aggravated felony crime of violence, nor that she was convicted of a crime involving moral turpitude. And the reason it wasn't at the time, because under the law of this court, the judgment of conviction and the charging information, when those were the only two documents in the record, were insufficient to establish that it was an aggravated felony or that it was a crime involving moral turpitude. There was something more required. That's why this Court remanded the case. When this went back before an immigration judge, officials from the Department of Homeland Security introduced documents that had been – that had been validated by the Supreme Court and by this Court as appropriate for use in the modified One of those documents, the essential document in this case, is the plea agreement. And the guilty plea agreement in this case says, I hereby plead guilty to child abuse and neglect as more fully alleged in the charging document. It says my decision to plead guilty is based upon the following. And then it continues. And we have, as I think several of you have read already, we have the charging information, which wasn't sufficient in the first because it wasn't able to be used. There was no connection. There was no link between that charging information. Well, Mr. Blakely, why don't you respond to Mr. Gonzalez's argument that that's not enough. It was the duty, the burden of the government to provide the details of the actual plea hearing. The – my response to that, Your Honor, is that this is a guilty plea agreement. This Court has found it sufficient in general and also in light of this specific Nevada statute. Nevada revised statute 200.508 in U.S. v. Tucker. This Court addressed the specific question whether the qualifying language that's the equivalent to held the knife to the throat of a child. Okay? Whether that – I think Mr. Gonzalez has made a different point. Mr. Gonzalez's point, I think, is ordinarily I think that we probably can rely, we have said that we can rely upon a plea agreement. What Mr. Gonzalez, as I understand it, has said is under Nevada's procedure, you have to go into open court and acknowledge the plea agreement and have a colloquy before the judge can accept the plea agreement. And in that colloquy, it is quite possible that Ms. Patternall Nye said something to the effect that she denied holding a knife to the throat of a child. And since you haven't provided the transcript, we have no idea what she admitted or what she didn't admit. Now, how do you respond to that argument? Your Honors, the plea agreement has in general terms been ruled sufficient in this case to establish that you have the appropriate link here. Right. But we do have to take account of what Nevada's procedure calls for. And this Court took that into account when it ruled on U.S. v. Tucker. It addressed a conviction under Nevada Revised Statute 200.508, and it included qualifying language very similar to what you have in this case. In U.S. v. Tucker, the qualifying language was attempted to strike the child with the belt. In this case, under the Nevada Revised Statute, the qualifying language is held a knife to the throat of a young child and kicked and pulled them. But I, Counsel, with all due respect, it seems to me that you're not responding to our mutual question here, and that is, what is your response to Mr. Gonzalez's guilty plea agreement when it came time to have it formally entered in a Nevada State court? As I understand it, that's the argument that we're hearing here, in which case the guilty plea agreement has been superseded, in effect, by something that happened at the time of the entry of the plea. Your Honor, I'm not familiar with any legal precedent that would contradict this Court's finding in U.S. v. Tucker that the plea agreement under Nevada Revised Statute 200.508 is sufficient to establish by itself the link between the charging information. Did you look for the transcript? I didn't personally, Your Honor, and I don't remember anything in the record about whether the transcript existed or not, and the record is sufficient under the law right now to establish. And there's no reason that the government has to remove every remote theoretical possibility that the conviction could mean something different. Now, to the extent that Mr. Gonzalez has cited to the record of the immigration proceedings as evidence that Ms. Pedernal and I actually did something else or admitted to something else, that's not part of the record as far as proving the conviction. What she said that she did in immigration court is irrelevant to the actual conviction itself, because we don't look to the actual facts other than they are established in the documents that are approved by the Supreme Court, the charging information, the judgment of conviction, the plea colloquy, if we had it, and the plea agreement, which we do have here. Well, as I understand the argument, we may not be able to rely on the plea agreement in this case because there's no evidence that it was actually entered. We have the document. There's no question about that. But what's your response? Under the law of the Supreme Court and under the law of this Court, a guilty plea agreement is a sufficient document to establish the connection between. Even if it was never entered or filed with the court or made a condition of the actual plea? If you look at page 195 of the administrative record, up in the right hand, top right hand corner, it says filed in open court this document. Now, Petitioner makes an argument that they may have actually pleaded to different facts that are in this agreement in the charging information, but there's no reason to believe that there's a different set of facts in that plea colloquy. Nothing in the record that was made in it? We're talking about the one that says filed in open court July 10th, 1996. Is that correct? That's correct, Your Honor. Okay. Now, I don't see that it was signed. Is that one signed? The attorney for the defendant signed that on page 199 of the administrative record, Your Honor. All right. I've got a different page out of the administrative record, which was not signed.  All right.  And, Your Honor, with this link established, and again, this case is U.S. v. Tucker, only it's in the immigration context rather than in the sentencing guidelines context. And there's no reason to question that when Ms. Patternell Nye admitted to or pled guilty as more fully alleged in the charging document, where the charging document says she held a knife to the throat of a young child, there's no reason to expect that there's anything different here. And I ask this Court to accept that she was convicted of an aggravated felony crime of violence, a crime involving moral turpitude, and that you deny this petition for review. Thank you, counsel. The case just argued will be submitted for decision.
judges: Hayes, O'scannlain, Bybee